UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-80008-TP-ROSENBERG/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TIMOTHY GRIMSLEY,

    Defendant.
_____/

REPORT AND RECOMMENDATION ON
PETITION FOR OFFENDER UNDER SUPERVISION

    **THIS CAUSE** having come before the Court for a final hearing on March 29, 2021 with respect to the Petition for Warrant or Summons for Offender under Supervision (the "Petition") (DE 2), and this Court having convened a hearing, recommends to the District Court as follows:

    1.    Defendant appeared before this Court for a final hearing on the Petition. The hearing was convened via video teleconference on the Zoom platform. At the hearing's outset, Defendant was advised of his right to appear in person for the proceeding. Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through video teleconference. Having discussed the matter with the Defendant, this Court finds that his waiver of in person appearance and consent to proceed through video teleconference is knowing and voluntary. The Court also finds, pursuant to the CARES Act, H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public Emergency, that this hearing cannot be further delayed without serious harm to the interests of justice.

2. Violation Numbers 1 through 4 allege as follows:

**Violation Number 1**  **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about February 20, 2020, in Saint Lucie County, Florida, the defendant committed the offense of Driving Under the Influence—Impairment, contrary to Florida Statute 316.193(1). On March 30, 2020, the defendant was adjudicated guilty in State Case Number 562020CT000406, Saint Lucie County Court, and was sentenced to 23 days in county jail with credit for time served followed by one-year misdemeanor probation.

**Violation Number 2**  **Violation of Standard Condition**, by failing to submit a truthful and complete written monthly report within the first five days of each month. The defendant has failed to submit a written monthly report for the months of August and September 2020.

**Violation Number 3**  **Violation of Standard Condition**, by failing to work regularly at a lawful occupation. Since March 2020, the defendant has failed to work regularly as required.

**Violation Number 4**  **Violation of Standard Condition**, by failing to notify the probation office of any change in residence. Between the months of June and July 2020, the defendant moved from his approved residence of 2432 Seneca Ave, Fort Pierce, Florida, and his whereabouts are unknown.

3. United States Probation Officer Amanda Maghan testified at the hearing. She indicated that on February 20, 2020, the Defendant was arrested for driving under the influence. The defendant pleaded no contest and was adjudicated guilty. On March 30, 2020, the Defendant was sentenced to 23 days in county jail with credit time served followed by one-year misdemeanor probation. On June 4, 2020, the State of Florida filed a violation of probation affidavit indicating that the Defendant failed to complete the conditions of his misdemeanor probation. The following month, July 2020, Officer Maghan made several attempts to contact the Defendant by telephone but could not reach him. A month later, on August 13, 2020, Officer Maghan went to the Defendant's residence to contact him and received no response. She left a note on the front door

instructing the Defendant to contact her as soon as possible. The next day, August 14, 2020, Officer Maghan mailed a letter to the Defendant's residence instructing him to call her before August 21, 2020. On August 20, 2020, the Defendant left Officer Maghan a voicemail with a telephone number to reach him. On August 31, 2020, Officer Maghan called the number the Defendant provided and spoke with the Defendant's niece who stated she would give him the message. The Defendant never contacted Officer Maghan. On September 24, 2020, Officer Maghan attempted to contact the Defendant at his residence. She encountered the Defendant's aunt who said he had been kicked out of the residence sometime between June and July 2020 and had not returned. Officer Maghan confirmed with the local hospital and jail that the Defendant was not present at those locations. Defendant failed to submit his monthly supervision reports as required for the months of August and September 2020. The Defendant also lost his job after the pandemic started in March 2020. On April 14, 2020 he reported to Officer Maghan that he could not find work due to the impact of COVID-19.

    4.    Defendant did not present any witnesses or evidence. Defendant argued – through counsel—that the probation officer should not have charged him with Violation Number 1 because District Judge Kendall Sharp from the Middle District of Florida allowed the state sanctions to suffice for his non-compliant behavior alleged in Violation Number 1. Thus, counsel argued, Defendant has already been sanctioned for that conduct. Counsel also argued that Defendant did not violate his supervised release by failing to work as alleged in Violation Number 3 since his failure to work was due to a global pandemic.

    5.    This Court has considered the Government's evidence and finds that it establishes that the Defendant committed Violation Numbers 1 through 4. In the undersigned's view, defense counsel's arguments are better suited for determination by the District Judge at the sentencing

phase of the case.  At this juncture, the undersigned is required only to determine whether the Defendant did in fact violate the conditions of his supervised release.   Regarding Violation Number 1, Defendant is required to refrain from violation of the law.  The Government proved that Defendant was convicted of driving under the influence on or about February 20, 2020, which demonstrates a violation of the law.  Regarding Violation Number 3, Defendant is required to work regularly at a lawful occupation.  The Government proved that the Defendant has not worked since March 2020.  Further, Defendant has had very little contact with his probation officer since July 2020, so the probation officer has had no way even to determine whether Defendant made any attempts to find a job since he was laid off.  Defendant made no arguments as to Violation Numbers 2 and 4.  The Court finds all four violations have been proved by a preponderance of the evidence.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant be found to have violated his supervised release with respect to Violation Numbers 1 through 4, and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Robin L. Rosenberg, the United States District Judge assigned to this case.  Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this  6th   day of April, 2021.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE