UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-80008-TP-ROSENBERG/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TIMOTHY GRIMSLEY,

    Defendant.
_____/

REPORT AND RECOMMENDATION ON
DEFENDANT'S ADMISSION TO VIOLATION NUMBER 1

Having conducted a hearing in this matter, I recommend as follows:

1. A Petition for Warrant or Summons for Offender Under Supervision (the "Petition") was filed in this case on May 1, 2023. DE 22.

2. The Defendant appeared before me for a hearing on the violation alleged in the Petition on June 30, 2023. The Defendant indicated that he wished to admit Violation Number 1 as alleged in the Petition.

3. I advised the Defendant of his right to have the District Judge assigned to this case accept his admission. I advised that I was conducting the hearing at the request of the Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to this case. I advised that the District Judge assigned to this case will be the sentencing judge, will make all findings and rulings concerning the Defendant's sentence, and will schedule and conduct the Sentencing Hearing. I advised the Defendant that he did not have to permit me to conduct this hearing but could request a United States District Judge to take his admissions instead. The Defendant consented and agreed on the record to have a United States Magistrate Judge accept his admission.

4. The Defendant admitted Violation Number 1 as set forth in the Petition. Violation Number 1 is the sole violation alleged in the Petition.

5. The possible maximum penalties faced by the Defendant were read into the record by the Government. The Defendant stated that he understood those penalties.

6. I questioned the Defendant on the record and made certain that he understood his right to an evidentiary hearing. The Defendant acknowledged that he understood his rights in that regard and further understands that if his admission is accepted, all that will remain will be for the District Court to conduct a sentencing hearing for final disposition of this matter.

7. The Government proffered the facts alleged in the April 27, 2023 Memorandum to the Court from U.S. Probation Officer Kendra Schofield-Bailey. In sum, the Government proffered that on April 21, 2023, Saint Lucie County Sheriff's Office Deputies arrested Defendant and charged him with battery on a person 65 years of age or older contrary to Florida Statute § 784.08(2)(c). According to the arrest affidavit, the victim (who is over the age of 65) stated that the Defendant punched him on the face and arm. The Defendant did not admit punching the victim but admitted pushing the victim twice when the victim grabbed the Defendant's shirt. Although the state charge was subsequently dropped, the Defendant acknowledged to this Court that the Government's proffer is true and correct, and the Government could prove these facts if a hearing were held in this matter. Having heard the proffer and the Defendant's admission thereto, I find a sufficient factual basis to support the Defendant's admission to Violation Number 1.

**ACCORDINGLY**, based upon the Defendant's admission under oath, I recommend to the District Court that the Defendant be found to have violated the terms and conditions of his supervised release as set forth in Violation Number 1 of the Petition, and that a sentencing hearing be set for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Robin L. Rosenberg, the United States District Judge assigned to this case. Pursuant to Federal Rule of Criminal Procedure 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 10th day of July, 2023.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE